IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BANK OF AMERICA NATIONAL ASSOCIATION,<br><br>        Plaintiff,<br><br>  v.<br><br>MON ELA, ET AL.,<br><br>        Defendants.<br>_____/ | CASE NO. C 11-02376-DMR<br><br>**REASSIGNMENT ORDER AND REPORT AND RECOMMENDATION REGARDING SUMMARY REMAND** |

     This case was removed from Santa Clara County Superior Court, where it was pending as a complaint for unlawful detainer against defendant Mon Ela, who appears here *in pro se* and has filed a motion to appear *in forma pauperis*. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Plaintiff has not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the Court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be ordered.

On April 21, 2011, Defendant Ela removed this action to the United States District Court for the Central District of California pursuant to the procedures set forth in 28 U.S.C. § 1446. On May 3, 2011, the action was transferred to the United States District Court for the Northern District of California on the grounds that the real property that is the subject of the action is located in Milpitas, California, which is in Santa Clara County, California, within the boundaries of the Northern District of California.

It appears that the grounds for removal are that the complaint presents a federal question such that it could have originally been filed in this Court. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question only exists when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. Whether a federal question may be implicated through issues raised by an answer or counterclaim is insufficient for purposes of establishing federal court jurisdiction. *Id*. at 831.

According to Ela's notice of removal, it appears that the purported federal question here arises because Plaintiff Bank of America National Association violated various federal constitutional provisions.[1] The complaint filed in Santa Clara County Superior Court, however, simply alleges a state cause of action under unlawful detainer. Whatever Ela may intend to argue in response to this allegation does not give rise to removal jurisdiction. Therefore, the Court recommends that this action be remanded to the Santa Clara County Superior Court, that the motion

---

[1] *See, e.g.*, Notice of Removal 5 ("[T]he Commercial Dishonor . . . is a Direct Violation of the Bill of Right, the 7th 10th and 11th Amendment [sic] of the Constitution for united [sic] States of America . . . .").

to proceed *in forma pauperis* be denied as moot and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

Dated: June 7, 2011



DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE